# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. DEL RIO,<br><br>    Plaintiff,<br><br>  v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE, et al.,<br><br>    Defendants. | Case No. 1:20-cv-01186-NONE-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>THIRTY (30) DAY DEADLINE |

David J. Del Rio ("Plaintiff") is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On August 21, 2020, Plaintiff filed the complaint commencing this action (ECF No. 1), which is now before this Court for screening. For the reasons that follow, the undersigned will recommend that this action be dismissed because Plaintiff has failed to state a claim upon which relief may be granted.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).[1] The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] The Court notes that it may also screen a complaint brought *in forma pauperis* under 28 U.S.C. § 1915. However, the Court is not screening the instant complaint under said authority because Plaintiff has not filed a motion to proceed *in forma pauperis*. On October 13, 2020, Plaintiff filed a notice stating that he had paid the filing fee for this action. Plaintiff's notice included copies of his prison trust account statement indicating that the filing fee was withdrawn from his account. (ECF No. 5). The Court has not yet received Plaintiff's payment and has contacted the California Department of Corrections and Rehabilitation in an attempt to resolve this issue.

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, Hosp. Bldg. Co. v. Trs. of Rex Hospital, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

In the complaint, Plaintiff states that the following civil rights have been violated: "due process, equal protection, access to the court, false imprisonment, and cruel and unusual punishment." (ECF No. 1 at 5). Plaintiff's supporting facts are difficult to understand and generally consist of lists of key words, conclusory allegations, and enumeration of the laws allegedly violated. For example, with respect to Plaintiff's claim regarding investigators, the complaint states: "Investigator's – police misconduct, falsified allegation see PC 680 sexual assault DNA Bill of Right, Romero Act." (ECF No. 1 at 5) (errors in original). What follows is the Court's best understanding of Plaintiff's allegations.

Plaintiff alleges that investigators committed misconduct and falsified allegations. Plaintiff also alleges prosecutorial misconduct with respect to exculpatory material evidence, hearsay, and false evidence in addition to the fact that no DNA expert was called during trial. Plaintiff further alleges that the judge abused his authority and erroneously imposed an unprecedented sentence in violation of both the prohibition against double jeopardy and California Penal Code section 1192.7. Additionally, Plaintiff contends that counselors at CCI Tehachapi and members of the Board of Parole violated the Privacy Act.

### III.  EVALUATION OF PLAINTIFF'S COMPLAINT

#### A. Plaintiff's Claims Challenging His Conviction and Sentence

The Court notes at the outset that is unclear what relief Plaintiff seeks in the instant proceeding and whether Plaintiff intends to state a habeas claim.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, and a complaint under the Civil Rights Act of 1871. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement.

Muhammad v. Close, 540 U.S. 749, 750–51 (2004) (citations omitted).

"In cases where a prisoner's section 1983 complaint evince[s] a clear intention to state a habeas claim, [the Ninth Circuit has] said that the district court should treat the complaint as a habeas petition." Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (citing Padilla v. Ackerman, 460 F.2d 477, 478 (9th Cir.1972); Bennett v. Allen, 396 F.2d 788, 790 (9th Cir.1968)). "When the intent to bring a habeas petition is not clear, however, the district court should not convert a defective section 1983 claim into a habeas petition." Trimble, 49 F.3d at 586. As the relief that Plaintiff seeks in the instant proceeding is unclear, the Court declines to convert the complaint into a habeas petition.[2]

---

[2] If Plaintiff wishes to proceed with a federal habeas petition challenging his conviction or sentence, the Court notes that petitions challenging convictions or sentences are preferably heard in the district of conviction. See Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968). Thus, if Plaintiff challenges his Riverside County Superior Court

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 486–87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. The favorable termination rule laid out in <u>Heck</u> preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of a petition for writ of habeas corpus. <u>Muhammad</u>, 540 U.S. at 750–751. If success on Plaintiff's claims would necessarily imply the invalidity of a conviction or sentence, then: (1) the claim must be brought by way of a petition for writ of habeas corpus; and (2) would be subject to the favorable termination rule, which requires the conviction or sentence to have been reversed, expunged, or otherwise invalidated, before Plaintiff could recover damages.

As Plaintiff appears to be directly challenging his conviction(s) and sentence, and as it appears that Plaintiff has not yet received a favorable termination, Plaintiff's § 1983 claims are barred by the favorable termination rule.

**B.  Privacy Act**

It is not clear if Plaintiff is attempting to bring a claim under the Privacy Act, 5 U.S.C. § 552a. To the extent that he is, he has failed to state a claim.

"The Privacy Act prohibits federal agencies from disclosing certain personal records without an individual's consent, and also provides a means for an individual to access his or her records maintained by a federal agency. 5 U.S.C. § 552a(d)(1)." <u>Jones v. Jimenez</u>, 2017 WL 85783, at *8 (E.D. Cal. Jan. 10, 2017), <u>report and recommendation adopted sub nom.</u> <u>Jones v. Lundy</u>, 2017 WL 915591 (E.D. Cal. Mar. 7, 2017). The Ninth Circuit "has held that the private right of civil action created by the Privacy Act, *see* 5 U.S.C. § 552a(g)(1) (providing that a private individual 'may bring a civil action against the agency'), 'is specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the statute do not apply against private individuals, state agencies, private entities, or state and local

---

conviction and sentence, the petition is preferably heard in the district of conviction, which is the Central District of California.

officials.'" Dittman v. California, 191 F.3d 1020, 1026 (9th Cir. 1999) (emphasis omitted) (quoting Unt v. Aerospace Corp., 765 F.2d 1440, 1447 (9th Cir. 1985)).

As Plaintiff is only suing state and local officials, the civil remedy provisions of the Privacy Act do not apply, and Plaintiff has failed to state a claim.

### IV. CONCLUSION

The Court has screened the complaint and finds that it fails to state any cognizable claims.

Under Rule 15 of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, the 'general rule that parties are allowed to amend their pleadings . . . does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal.'" Novak v. United States, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir .1998)). "Futility alone can justify a court's refusal to grant leave to amend." Novak, 795 F.3d at 1020 (citing Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995)).

As set forth above, the civil remedy provisions of the Privacy Act are not applicable. Additionally, Plaintiff appears to be directly challenging his conviction(s) and sentence, and as it appears that Plaintiff has not yet received a favorable termination, Plaintiff's § 1983 claims are barred by the favorable termination rule.[3] As any amendment would be futile, the undersigned does not recommend granting leave to amend.

///

///

///

---

[3] Even if Plaintiff's claims were not barred by the favorable termination rule and Plaintiff wished to proceed with his claims of investigative, prosecutorial, and judicial misconduct related to Petitioner's trial and conviction, such an action should not be brought in this district as the relevant defendants appear to reside outside this district and the substantial part of the events or omission giving rise to said claims occurred outside this district. See 28 U.S.C. § 1391(b) (The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.").

## V. RECOMMENDATION AND ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. This action be dismissed without prejudice for failure to state a claim; and
2. The Clerk of Court be directed to close the case.

Further, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 1, 2021**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE